Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

***Attorneys for Plaintiff***
***Eye Safety Systems, Inc.***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYE SAFETY SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE G.I. JOE'S, INC., a Virginia Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br><br>**2. FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS;**<br><br>**3. FEDERAL TRADEMARK INFRINGEMENT OF UNREGISTERED MARK;**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Eye Safety Systems, Inc.** for its claim against **Defendant Little G.I. Joe's, Inc.** respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trademark infringement and false designations of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common

law of the State of California. This Court has subject matter jurisdiction over the Federal trademark infringement and false designation of origin claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as the Lanham Act claims.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district.

4. This action arises out of wrongful acts by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Eye Safety Systems, Inc. ("ESS") is a corporation duly organized under the laws of the state of Delaware with its principal place of business at 1 Icon Foothill Ranch, California 92610. ESS is one of the world's largest suppliers of military, law enforcement and firefighting protective eyewear. ESS was incorporated on November 8, 2006 and is a wholly-owned subsidiary of Oakley, Inc., with its principal place of business at 1 Icon, Foothill Ranch, California 92610.

6. Upon information and belief, Defendant Little G.I. Joe's, Inc. is a corporation duly organized under the laws of the state of Virginia with its principal place of business at 2330 Route 17, Yorktown, Virginia 23693.

7. ESS is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. ESS will seek leave to amend this complaint when their true names and capacities are ascertained. ESS is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein,

and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. ESS is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. ESS further alleges that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

### A. ESS and its Trademarks

9. ESS is one of the world's largest suppliers of military, law enforcement and firefighting protective eyewear and is the owner of the "ESS" trademark and various other trademarks shown below (collectively "ESS Marks")

| Trademark | Registration No. | Good And Services |
|---|---|---|
| **ESS** | 2,449,579 | Heavy-duty protective eyewear, namely, goggles and protective facemasks [and helmets] all for industrial use. |
| | 4,181,665 | Eyewear; Spectacles |
| ESS | 4,304,852 | Protective eyewear and component parts thereof and accessories there for, namely, eyeglasses, sunglasses, eyeshields, goggles, ophthalmic frames, cases, and prescription lens carriers and prescription lenses there for; protective eye shields and face shields for use with protective helmets; protective face masks for non-medical purposes; throat protectors for use with goggles and protective helmets; protective work gloves. |

10. In addition to the ESS Marks referenced above, ESS has also used the "CROSSBOW" and CROSSBOW trademarks ("Crossbow Marks") in connection

with protective eyewear, namely, spectacles, eye shields, goggles, eyeglasses and sunglasses since 2009.

11. ESS has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the ESS Marks and Crossbow Marks. As a result, products bearing the ESS Marks and Crossbow Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from ESS.

12. ESS has long been manufacturing and selling in interstate commerce eyewear under the ESS Marks and Crossbow Marks. Registrations to the ESS Marks are valid and some are incontestable.

13. The ESS Marks and Crossbow Marks are a symbol of ESS's quality, reputation, and goodwill. The ESS Marks and Crossbow Marks have never been abandoned.

14. Accordingly, the ESS Marks and Crossbow Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B. Defendant's Infringing Activities**

15. Upon information and belief, ESS hereon avers that Defendant Little G.I. Joes, Inc. is in the business of the sale of military apparel and accessories via its website (www.gijoesmilitarysurplus.com) and its retail stores, which are located at the following addresses in Virginia:

| | | |
|---|---|---|
| 3520 N. Military Highway<br>Norfolk, Virginia 23518 | 3316 W. Mercury Blvd.<br>Hampton, Virginia 23666 | 2330 Route 17<br>Yorktown, Virginia 23693 |

16. The present lawsuit arises from Defendant's sale of products bearing counterfeit reproductions of the ESS Marks and Crossbow Marks (hereinafter "Counterfeit Products"). Specifically, eyewear and its packaging bearing the ESS Marks and Crossbow Marks were purchased from one or more of Defendant's retail stores as well as from its website and confirmed to be counterfeit by ESS. Said

Counterfeit Products that were purchased from its website were shipped to a location in this judicial district.

17. Defendant's use of the ESS Marks and Crossbow Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of its Counterfeit Products, is without ESS's consent or authorization.

18. Defendant has never been authorized by ESS to manufacture, sell or offer for sale products bearing any of the ESS Marks or Crossbow Marks. Moreover, Defendant has never been a licensee of ESS and has never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the ESS Marks and Crossbow Marks.

19. Defendant, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale Counterfeit Products with the knowledge and intent that such goods will be mistaken for the genuine ESS® products, despite Defendant's knowledge that they are without authority to use the ESS Marks and/or Crossbow Marks. The net effect of Defendant's actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Products are genuine goods originating from, associated with, and approved by ESS.

20. Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of ESS's ownership of the ESS Marks and Crossbow Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Upon information and belief, Defendant has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to ESS's rights for the purpose of trading off the goodwill and reputation of ESS. If Defendant's willful infringing activities are not preliminarily and permanently enjoined by this Court, ESS and the consuming public will continue to be damaged.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement - 15 U.S.C. § 1114)**

22. ESS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23. The ESS Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from ESS.

24. The registrations embodying the ESS Marks are in full force and effect and ESS has authorized responsible manufacturers and vendors to sell merchandise with these marks.

25. Defendant's unauthorized use of the ESS Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with ESS or come from the same source as ESS's goods and are of the same quality as that assured by the ESS Marks.

26. Defendant's infringing use of the ESS Marks is without ESS's permission or authority and in total disregard of ESS's rights to control its trademarks.

27. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that ESS has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of ESS.

28. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure ESS and reap the benefit of ESS's goodwill associated with the ESS Marks.

29. As a direct and proximate result of Defendant's willful and unlawful conduct, ESS has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing ESS's trademarks.

30. ESS has no adequate remedy at law.

31. In light of the foregoing, ESS is entitled to injunctive relief prohibiting Defendant from using the ESS Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that ESS has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and False Designations – 15 U.S.C. §1125(a))

32. ESS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

33. Defendant's unauthorized use of the ESS Marks on Counterfeit Products in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with ESS or come from ESS when in fact they do not.

34. Defendant's use of the ESS Marks is without ESS's permission or authority and in total disregard of ESS's rights.

35. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that ESS has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of ESS.

36. ESS has no adequate remedy at law.

37. Defendant's egregious conduct in selling infringing merchandise is willful and intentional.

38. In light of the foregoing, ESS is entitled to injunctive relief prohibiting Defendant from using the ESS Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that ESS has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

**THIRD CLAIM FOR RELIEF**

**(Trademark Infringement of Unregistered Trademarks - 15 U.S.C. § 1125 (a))**

39. ESS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. In addition to the ESS Marks referenced above, ESS has also used the "CROSSBOW" and CROSSBOW trademarks ("Crossbow Marks") in connection with protective eyewear, namely, spectacles, eye shields, goggles, eyeglasses and sunglasses since 2009.

41. The Crossbow Marks were first used by ESS in interstate commerce at least as early as 2009 and are inherently distinctive, non-functional and exclusively owned and used by ESS. As the result of significant sales and the expenditure in advertising and promoting the Crossbow Marks, the Crossbow Marks serve to identify ESS to the consuming public as the source of eyewear on which the Crossbow Marks are displayed. Consumers directly associate the Crossbow Marks with the ESS brand.

42. The Crossbow Marks are arbitrary marks and their distinctive quality has achieved a high degree of consumer recognition and secondary meaning nationwide.

43. Through many years of use in interstate commerce, ESS has established common law trademark protection for its inherently distinctive Crossbow Marks used on ESS eyewear.

44. As a direct result of the continuous and exclusive use of the Crossbow Marks in interstate commerce, ESS has established significant good will and consumer

expectation regarding the high quality and source of ESS's merchandise displaying said marks.

45. ESS has dedicated substantial monetary expenditures and resources in products bearing the Crossbow Marks, by way of extensive advertising and promotional efforts through diverse media in the United States as well as internationally.

46. The Counterfeit Products produced, distributed, advertised and offered for sale by Defendant bear the Crossbow Marks, such as to cause a likelihood of confusion as to the source, sponsorship or approval by ESS of Defendants' products.

47. Defendants' use of the Crossbow Marks is without ESS's permission or authority and in total disregard of ESS's rights to control its intellectual property.

48. Defendants' use of the Crossbow Marks is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendants' products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with ESS, all to the detriment of ESS.

49. ESS has no adequate remedy at law.

50. In light of the foregoing, ESS is entitled to injunctive relief prohibiting Defendants from using ESS's Crossbow Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that ESS has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement/Unfair Competition)**

51. ESS incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52. ESS owns and enjoys common law trademark rights in the ESS Marks and Crossbow Marks in the State of California and throughout the United States.

53. Defendant's infringing activities in appropriating rights in the ESS Marks and Crossbow Marks are intended to capitalize on ESS's goodwill for the purpose of Defendant's own pecuniary gain. ESS has expended substantial time, resources and efforts to obtain an excellent reputation for the ESS brand. As a result of ESS's efforts, Defendant is now unjustly enriched and is benefiting from intellectual property rights that rightfully and exclusively belong to ESS.

54. Defendant's unauthorized use of the ESS Marks and Crossbow Marks has caused and is likely to cause confusion as to the source of Defendant's Counterfeit Products, to the detriment of ESS.

55. Defendant's acts are willful, deliberate, and intended to confuse the public and/or to injure ESS.

56. Defendant's acts constitute unfair competition, palming off, and/or misappropriation in violation of California common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

57. ESS has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's aforementioned infringing activities, unless Defendant is permanently enjoined by this Court.

58. The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on ESS in reckless disregard of ESS's common law trademark rights in the ESS Marks and Crossbow Marks. Said conduct was and continues to be harmful to ESS, and as such supports an award by this Court of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter Defendant from similar conduct in the future.

59. ESS has no adequate remedy at law.

60. In light of the foregoing, ESS is entitled to injunctive relief prohibiting Defendant from using the ESS Marks and Crossbow Marks, or marks identical and/or confusingly similar thereto, for any reason; to recover all damages, including

attorneys' fees, that ESS has sustained and will sustain as a result of Defendant's infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendant as a result thereof, in an amount not yet known; and to recover from Defendant the costs associated with this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant on all claims, as follows:

1. For entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from:

(a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Counterfeit Products and/or any other products that bear the ESS Marks, the Crossbow Marks, or any other marks confusingly similar thereto;

(b) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with ESS;

(c) engaging in any other activity constituting unfair competition with ESS, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with ESS.

2. For entry of an ORDER directing Defendant to recall from any distributors and retailers and to deliver to ESS for destruction, or other disposition, all remaining inventory of the Counterfeit Products, in addition to any other goods that infringe upon ESS's rights to the ESS Marks and Crossbow Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in its possession or under its control;

3. For entry of an ORDER directing Defendant to disclose its supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

4. For entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from its infringing acts;

5. For entry of an ORDER directing Defendant to file with this Court and serve on ESS within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

6. For an assessment of the damages suffered by ESS, trebled, and an award of all profits that Defendant has derived from using the ESS Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that ESS be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8. For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under California common law; and

9. Such other relief as may be just and proper.

Dated: March 29, 2017 BLAKELY LAW GROUP

By: */s/ Cindy Chan*
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiff***
***Eyewear Safety Systems, Inc.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Eyewear Safety Systems, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated: March 29, 2017

BLAKELY LAW GROUP

By: *<u>/s/ Cindy Chan</u>*___________________
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiff***
***Eyewear Safety Systems, Inc.***